IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


BRANDON EUGENE RUSTIN, #348723         *
       Petitioner,
   v.                                      *     CIVIL ACTION NO. RDB-12-3359

JOHN S. WOLFE, WARDEN, et al.          *
       Respondents.
                                   ***

## MEMORANDUM OPINION

On November 15 and 26, 2012, the Court received for filing original and supplemental 28

U.S.C. § 2254 Petitions for habeas corpus relief from Brandon Rustin, an inmate housed at the

Jessup Correctional Institution.   Rustin complains that his 2008 convictions in the Circuit Court of

Maryland for Prince George's County violated his due process rights because: (1) he was not able to

properly appeal his convictions due to the failure to put unto the "court record a statement setting

forth the grounds for the decision;" (2) the post-conviction court did not rule on the issues raised in

his self-represented petitions; (3) trial counsel was ineffective when he failed to object to prejudicial

instructions and (4) post-conviction counsel was likewise ineffective for failing to raise this ground

on collateral review; (5) trial counsel failed to present a defense generated by the evidence with

regard to the lesser offense of second-degree assault; (6) trial counsel was ineffective for the failure

to inform him about limiting instruction at trial; and (7) trial counsel was ineffective for allowing the

state to nol pros a lesser-included offense.  (ECF Nos. 1 & 4).

In their court-ordered response, Respondents state that the case should be dismissed without

a hearing because Petitioner still has matters pending in state court.  (ECF No. 12).  Petitioner has

not filed a Reply.

Following a jury trial, Petitioner was convicted of attempted voluntary manslaughter, first-

degree assault, second-degree assault, use of a handgun in the commission of a crime of violence,

and carrying a handgun. (ECF No. 12, Ex. 1 at pgs. 4, 5 & 10; Ex. 5). On January 14, 2008, Petitioner was sentenced to a cumulative 25-year term. His appeal was dismissed at his request and the Court of Special Appeals of Maryland issued a mandate on November 3, 2008. (*Id*., Ex. 2). Petitioner's direct appeal became final on November 18, 2008, when the 15-day time period for seeking further review expired.

On August 27, 2008, while his appeal was pending, Petitioner filed a post-conviction petition. (*Id*., Ex. 1 at pg. 15; Ex. 3). According to the documents submitted by Respondents, Petitioner raised the following grounds: counsel was ineffective when he failed to argue and preserve for appellate review that an imperfect self-defense mitigates first-degree assault down to second-degree assault; the ruling in *Christian v. State*, 405 Md. 306(2008) should be given retroactive application, which mandated that Petitioner's imperfect self-defense mitigate first-degree assault to second-degree assault; and counsel was ineffective when he failed to properly request the entire first-degree assault instruction. (*Id*., Ex. 5). In addition, post-conviction counsel noted the following allegations presented in Petitioner's pro se petitions: the prosecutor gave false information to defense counsel as to medical records and permitted a victim to testify falsely; and counsel was ineffective when he failed to properly investigate the medical record. (*Id*.) Following a hearing, Circuit Court Judge Herman C. Dawson denied post-conviction relief on March 31, 2010. (*Id*., Exs. 3-5).[1] Petitioner's application for leave to appeal this ruling was summarily denied by the court of Special Appeals of Maryland on December 19, 2011. The appellate mandate was issued on January 19, 2012. (ECF No. 12, Exs. 6 &7).

---

[1] It does not appear that Judge Dawson ruled on the prosecutorial abuse grounds or Petitioner's third Sixth Amendment ground concerning the effective handling of the medical evidence. (ECF No. 12, Ex. 5).

On or about May 17, 2012, Petitioner filed a motion to reopen post-conviction proceedings, claiming that his trial and post-conviction counsel were ineffective. Specifically, he argued that trial counsel was ineffective for permitting the prosecutor to limit instruction on first-degree assault and post-conviction counsel was ineffective for failing to raise the claim in the post-conviction petition. (*Id*., Ex. 8). On September 27, 2012, Circuit Court Judge Michael P. Whalen denied the motion to reopen. (*Id*., Ex. 9). According to Respondents, Petitioner's application for leave to appeal remains pending in the Court of Special Appeals of Maryland at this time.[2] (*Id*., Ex. 10).

Under 28 U.S.C. § 2254(a), federal courts have jurisdiction to entertain applications for habeas corpus only if the petitioner is "in custody" pursuant to a state court judgment in violation of laws, treaties or the Constitution of the United States. *See Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). Moreover, when filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must demonstrate that all of his claims have been presented to the state courts. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings. To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. *See* Md. Code Ann., Crim. Pro. Art. §§ 7-101 *et seq*. (2001). If the Court of Special Appeals of Maryland denies the application, there is no further review available and the claim is exhausted. If, however, the application is granted but relief on the

---

[2]     The pendency of the appeal was confirmed by Court personnel on October 2, 2013.

merits of the claim is denied, the petitioner must seek certiorari to the Court of Appeals. *See*

*Stachowski v. State,* 6 A.3d 907 (2010); *Williams v. State*, 438 A.2d 1301, 1305 (1981).

The record shows that Petitioner's ineffective assistance of counsel ground going to

counsel's alleged failure to inform him of a limiting instruction issued by the trial court remains on

appeal before the Court of Special Appeals. Thus, that ground raised by Petitioner in his § 2254

Petition, has not yet been exhausted.[3]  Because Petitioner has failed to exhaust state court remedies

the Petition shall be dismissed without prejudice.

Petitioner is advised that 28 U.S.C. § 2244 imposes a one-year filing deadline on state

prisoners filing applications for a writ of habeas corpus in federal court.[4]  Should he wish to re-file

---

[3]    Petitioner must exhaust each claim presented by pursuing remedies available in state court.
*See Rose v. Lundy*, 455 U. S. 509, 521 (1982).  Each claim must be fairly presented to the state courts; this
means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d
276, 289 (4th Cir. 2000) (citations omitted).  Exhaustion includes appellate review in the Maryland Court of
Special Appeals and where appropriate the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S.
129, 134-35 (1987).  The state courts must be afforded the first opportunity to review federal constitutional
challenges to state convictions in order to preserve the role of the state courts in protecting federally
guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973).

[4]    This section provides:

(1)    A 1-year period of limitation shall apply to an application for a writ
of habeas corpus by a person in custody pursuant to the judgment of a State
court. The limitation period shall run from the latest of-

(A)    the date on which the judgment became final by the
conclusion of direct review or the expiration of the time for seeking
such review;

(B)    the date on which the impediment to filing an application
created by State action in violation of the constitution or laws of the
United States is removed, if the applicant was prevented from filing
by such State action;

(C)    the date on which the constitutional right asserted was
initially recognized by the Supreme Court, if the right has been
newly recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or

4

this Petition once he has exhausted his available state court remedies, Petitioner should take care not to miss this deadline.

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his motion. *See* 28 U.S.C. § 2253(c) (1). A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253 (c) (2). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid clam of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). The Court declines to issue a COA because Petitioner has not made the requisite showing.

A separate order follows.

Date: October 2,  2013.                    _____/s/_____
                                           RICHARD D. BENNETT
                                           UNITED STATES DISTRICT JUDGE

---

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.